18614

Fred T. COUCH, Respondent, v. GREENVILLE COUNTY, and State Workmen's Compensation Fund, Appellants

(153 S. E. (2d) 394)

*Messrs. Daniel R. McLeod, Attorney General,* and *David Aiken, Assistant Attorney General,* of Columbia, and *Robert S. Galloway, Jr.,* of Greenville, *for Appellants,*

188

*Messrs. Mann, Foster, Johnston* and *Ashmore,* of Green-
ville, *for Respondents,*

March 8, 1967.

LEWIS, Acting Chief Justice.

This is a Workmen's Compensation case and is here on
appeal by the employer from an order of the Greenville
County Court remanding the case to the Industrial Commis-
sion for further consideration of the issues and for findings
thereon.

The claimant, a deputy sheriff for Greenville County at
the time, with a prior history of heart disease, allegedly
suffered an aggravation of his heart condition, with result-
ing total and permanent disability, when he became emo-
tionally upset as a result of being called in by the sheriff
and acquainted with certain complaints that had been made
against him by citizens of the county. Claim was filed for
benefits under the Workmen's Compensation Act and the
employer defended upon the grounds that (1) notice of
the alleged accident had not been given as required by
Section 72-301 of the 1962 Code of Laws, (2) the claim
was barred by a release previously signed by claimant, and
(3) the claimant had not sustained an injury by accident
arising out of and in the course of his employment.

The Hearing Commissioner made an award to claimant
for total and permanent disability, holding that (1) notice
of the injury was given as required by law, and (2) the
claimant suffered a heart attack "while engaged in an inves-
tigation of a rape case." No finding or ruling was made rela-
tive to the defense that the claim was barred by a release
previously signed by the claimant.

The employer thereafter appealed to the Full Commission upon grounds which challenged the foregoing findings of the Hearing Commissioner, and also his failure to pass upon the effect of the release as a bar to the claim. The Full Commission affirmed the findings of the Hearing Commissioner as to the giving of notice of the alleged injury and also the award for total and permanent disability, but failed, as did the Hearing Commissioner, to pass upon the effect of the release previously signed by claimant. However, in affirming the award for total disability, the Full Commission, instead of basing it on the finding of the Hearing Commissioner that claimant suffered a heart attack "while investigating a rape case," "amended" such finding by substituting the following:

"It is found as a fact that the employee-claimant employed by the defendant-employer as a deputy sheriff, suffered a heart attack after being reprimanded by his employer, causing a severe emotional disturbance to his well being, and that his condition of total disability was triggered by the actions of his employer arising out of and in the course of his employment in the subsequent course of claimant's activities in the performance of his duties."

The employer then appealed from the award of the Full Commission to the Greenville County Court upon the grounds that the Full Commission erred in (1) failing to pass upon the effect of the release executed by claimant, (2) substituting the above quoted finding of fact for that of the Hearing Commissioner, (3) finding that the claimant gave notice of his injury as required by law, and (4) finding that the claimant sustained an injury by accident arising out of and in the course of his employment.

Since the findings were not complete, the lower court refused to pass upon any of the issues and remanded the case to the Industrial Commission for the purpose of passing upon all questions raised. In addition, the case was remanded for the purpose of determining whether the Commission "desires to permit additional testimony and/or ar-

guments" as to the above quoted substituted finding of fact made by it. The employer had appealed from the foregoing order.

The several grounds of appeal to this court need not be set forth. Questions sought to be raised relating to the merits of the case have not been passed upon by the lower court and are not properly before this court on appeal. We confine this decision therefore to the questions raised relative to the propriety of the order remanding the case to the Commission.

The sole objection to the order of remand concerns that portion which returns the case to the Commission to determine whether it desires to permit additional testimony as to its substituted finding of fact. The substituted finding of fact involved the merits of the case. Therefore the order of the lower court, in this connection, was in effect a remand for the purpose of determining whether the Commission desired to reopen the case on the merits.

The Full Commission had rendered its opinion and award deciding the question of whether the claimant had sustained a compensable accident, and the lower court had the matter before it on appeal from the decision of the Commission. There was no request that the case be reopened for the purpose of taking additional testimony on the merits of the claim, and the order remanding the case for consideration of such question was not responsive to, nor required by, any issue before the court. Since a decision of the question of whether the case should be reopened for the purpose of taking additional testimony on the merits was not required by any issue in the appeal, the remand of the case for that purpose, solely on the court's initiative, was error.

The order under appeal is accordingly modified in the foregoing respect, otherwise affirmed.

BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE and G. BADGER BAKER, Acting JJ., concur.